UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Alfredo Morales,

        Defendant.

MEMORANDUM OPINION
AND ORDER
Criminal No. 19-279 ADM/DTS

_____

Ruth S. Shnider, Assistant United States Attorney, United States Attorney's Office, Minneapolis, MN, on behalf of Plaintiff United States of America.

Alfredo Morales, pro se.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge for a ruling on Defendant Alfredo Morales' ("Morales") Motion for Compassionate Release [Docket No. 49] and Motion to Appoint Counsel [Docket No. 55]. Morales requests a compassionate release sentence reduction under 18 U.S.C. § 3582(c)(1)(A)(i). For the reasons set forth below, Morales' Motions are denied.

## II. BACKGROUND

On December 4, 2019, Morales entered a plea of guilty to one count of possession with intent to distribute 500 grams or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B), and one count of illegal reentry after removal in violation of 8 U.S.C. §§ 1326(a) and 1326(b)(1). Min. Entry [Docket No. 24]; Plea Agreement [Docket No. 25]. In the Plea Agreement, Morales admitted that he possessed a total of 898 grams of a mixture or substance containing cocaine, and that he intended to sell or distribute the cocaine to other individuals.

Plea Agreement ¶ 2.

This was not Morales' first felony cocaine conviction.  In 2012, Morales was convicted in Minnesota state court of felony cocaine possession and was sentenced to 29 months.  Presentence Investigation Report ("PSR") [Docket No. 30] ¶ 43.  Morales was removed to Mexico in 2013 and illegally reentered the United States prior to committing the crimes giving rise to his federal conviction.  Id.

On June 18, 2020, this Court sentenced Morales to the mandatory minimum term of 60 months.  Min. Entry [Docket No. 45]; Sentencing J. [Docket No. 46].  Morales is incarcerated at the Federal Medical Center in Rochester, Minnesota ("FMC-Rochester").  See Federal Bureau of Prisons Inmate Locator, https://www.bop.gov/inmateloc/ (last visited Sept. 23, 2021).  His projected release date is December 22, 2023.  Id.

In August 2020, Morales tested positive for COVID-19 after reporting he had a dry cough that was "not new" and that he otherwise felt "totally fine."  Gov't Ex. 1 [Docket No. 52] at 61, 69.  After testing positive, Morales lost his sense of taste and smell for five days and had a fever for one day, but did not report any other symptoms.  Id. at 48, 57.  Morales again tested positive for COVID-19 in December 2020.  Id. at 38.  His medical records show that he remained asymptomatic throughout his second bout of COVID-19.  Id. at 20–38.  In February and March 2021, Morales received both doses of the Moderna vaccine.  Gov't Ex. 2 [Docket No. 53].

Morales now moves for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i).  Morales, age 43, argues that he suffers from a heart condition requiring a pacemaker, has hypertension and hypertriglyceridemia, and is clinically obese with a body mass index ("BMI")

2

of 46.  Mot. Compass. Release at 2.  Morales argues that these conditions make him particularly vulnerable to severe illness or death were he to again contract COVID-19.  He also argues that the Moderna vaccine provides only limited protection against COVID-19 variants.

The Government opposes Morales' compassionate release motion.  The Government argues that no extraordinary and compelling circumstances exist because Morales has twice recovered from COVID-19 without incident and is now fully vaccinated against the virus.  The Government also contends that the sentencing factors in 18 U.S.C. § 3553(a) militate against a sentence reduction.

### III.  DISCUSSION

Generally, a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c).  One of the few exceptions to this general rule is the compassionate release provision of 18 U.S.C. § 3582(c)(1)(A).  Under this provision, a court may reduce a term of imprisonment if, "after considering the factors set forth in section 3553(a)," the court finds that "extraordinary and compelling reasons" warrant a sentence reduction, "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission."  18 U.S.C. § 3582(c)(1)(A).

A defendant may not bring a motion for compassionate release until after the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A). Morales has satisfied the exhaustion requirement because he filed a request for release with the warden of his facility and was denied in February 2021.  See Def. Ex. 1 [Docket No. 49, Attach.

3

1]. His Motion is therefore ripe for review.

Morales' health conditions do not constitute extraordinary and compelling circumstances warranting a compassionate release sentence reduction. Any risk of Morales becoming reinfected and seriously ill from COVID-19 has been substantially reduced because he is now fully vaccinated. The Centers for Disease Control and Prevention ("CDC") states that "COVID-19 vaccines protect people against severe illness, including disease caused by Delta and other variants circulating in the U.S." CDC, COVID-19, The Possibility of Breakthrough Infections after Vaccination, https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/why-measure-effectiveness/breakthrough-cases.html (last visited Sept. 23, 2021). Although some vaccine breakthrough infections can occur, "[s]tudies so far show that vaccinated people are 8 times less likely to be infected and 25 times less likely to experience hospitalization or death." Id. As a result, Morales' health conditions amid the COVID-19 pandemic do not constitute extraordinary and compelling reasons warranting a sentence reduction. See United States v. Derden, No. 12-CR-0012 (PJS/SER), 2021 WL 3721848, at *2 (D. Minn. Aug. 23, 2021) (denying compassionate release for vaccinated inmate because the risk that the inmate would "(1) be reinfected with COVID-19 or a variant and (2) become seriously ill" was "too speculative to justify his release"); United States v. Williams, No. CR 16-251 (DWF), 2021 WL 1087692, at *3 (D. Minn. Mar. 22, 2021) (denying compassionate release because "any risk that [defendant] will be reinfected with COVID-19 is largely mitigated by the fact that he has been fully vaccinated against the virus").

Morales' successful recovery from two cases of COVID-19 before his vaccination further

supports a conclusion that his health conditions are not extraordinary and compelling. See United States v. Godoy-Machuca, No. 16-01508-001, 2021 WL 961780, at *2 (D. Ariz. Mar. 15, 2021) (holding that defendant with Type II diabetes, hypertension, obesity, and other ailments had not shown extraordinary and compelling reasons for release because defendant had contracted and recovered from COVID-19 and was also fully vaccinated); United States v. Rodriguez, No. 15-CR-0254 (PJS/BRT), 2021 WL 1187149, at *2 (D. Minn. Mar. 30, 2021) (denying compassionate release where defendant was previously infected with COVID-19, had recovered, and was vaccinated); Williams, 2021 WL 1087692, at *3 (same).

Morales also has not shown a particularized risk of contracting COVID-19 at FMC-Rochester. There are currently no inmates and only two staff members infected with COVID-19 at the facility. See Federal Bureau of Prisons, COVID-19 Coronavirus, https://www.bop.gov/coronavirus/ (last visited Sept. 23, 2021). Moreover, as of the date of this Order, 319 staff members and 513 of the facility's 644 inmates have been fully vaccinated against COVID-19. Id.

Because Morales is vaccinated against COVID-19, has successfully recovered from the virus twice in the past, and is incarcerated at a facility with only two active COVID-19 cases, his medical conditions are not extraordinary and compelling reasons for his release.

Even if Morales could show extraordinary and compelling circumstances, the sentencing factors in § 3553(a) weigh against his release. These factors include "the nature and circumstances of the offense" and "the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law . . . to provide just punishment for the offense . . . to afford adequate deterrence to criminal conduct," and "to protect the public from further crimes

of the defendant." 18 U.S.C. § 3553(a).

The need for adequate deterrence and respect for the law warrant a sentence of 60 months, even when considering Morales' medical conditions and the pandemic. Morales committed this federal drug trafficking offense after he had previously been convicted for felony cocaine possession, sentenced to 29 months, and removed to Mexico. These consequences were not sufficient to deter Morales from illegally returning to the U.S. and reoffending. Under the circumstances, releasing Morales at this time would detract from the seriousness of the offense, diminish respect for the law, and afford inadequate deterrence for the crimes committed.

Morales' request for appointment of counsel is also denied. A defendant does not have a Sixth Amendment right to counsel in a § 3582(c) proceeding. United States v. Brown, 565 F.3d 1093, 1094 (8th Cir. 2009). Here, the Court declines to appoint counsel, given the straightforward nature of the issues involved in Morales' § 3582(c) proceeding.

### IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant Alfredo Morales' Motion for Compassionate Release [Docket No. 49] is **DENIED**; and

2. Morales' Motion to Appoint Counsel [Docket No. 55] is **DENIED**.

BY THE COURT:

    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT COURT

Dated:  September 23, 2021